THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Joseph A.
 Marshall, Appellant,
 
 
 
 
 

   v.

 
 
 
 
 Carrie C.
 Marshall, Respondent.
 
 
 
 
 

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2011-UP-181
 Submitted February 1, 2011  Filed April
19, 2011    

REVERSED AND REMANDED

 
 
 
 Leon E. Green, of Aiken, for Appellant.
 Gregory P. Harlow, of Aiken, for
 Respondent.
 
 
 

PER CURIAM:  Joseph
 A. Marshall (Husband) appeals the family court's denial of his Rule 60(b),
 SCRCP, motion.  Husband argues the family court erred in (1) denying his motion
 to set aside a qualified domestic relations order (QDRO) on the ground the
 judgment was satisfied and (2) failing to address the merits of his motion
 because the issue warranted equitable relief.  We reverse and remand.[1]
Rule 60(b)(5), SCRCP, states: 

 On
 motion and upon such terms as are just, the court may relieve a party or his
 legal representative from a final judgment, order, or proceeding [if] the
 judgment has been satisfied, released, or discharged, or a prior judgment upon
 which it is based has been reversed or otherwise vacated, or it is no longer
 equitable that the judgment should have prospective application.  

We hold the family court erred
 in dismissing Husband's motion on the basis it was an improper procedural
 vehicle to address Husband's concerns.  Rule 60(b)(5) expressly allows a party
 to petition the court to set aside compliance with an order if a judgment has
 been satisfied.  Here, Husband filed his Rule 60(b)(5) motion to seek relief
 from enforcement of the QDRO because he alleged he previously complied with the
 May 8, 2007 consent order by transferring $273,975 to Carrie C. Marshall
 through an individual retirement account.  Therefore, an open legal question
 exists as to whether Husband has fully satisfied the terms of the consent
 order, an issue that is directly addressed by Rule 60(b)(5).  Accordingly, we
 reverse the family court's ruling and remand the case to the family court for a
 hearing on the merits of Husband's Rule 60(b)(5) motion.   
REVERSED AND REMANDED.
FEW, C.J., THOMAS and KONDUROS,
 JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.